

**Jordan W. Siev**
Direct Phone:  +1 212 205 6085
Email:  jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**VIA ECF**

**December 27, 2017**

Honorable Franklin L. Noel
United States District Court
9W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 54415

**Re:    *NPG Records, Inc. et al v. Roc Nation LLC et al*, Case No. 16-cv-3909 (JRT/FLN)**

Dear Magistrate Judge Noel,

We write in response to the December 22, 2017 letter of Plaintiffs NPG Records, Inc. and NPG Music Publishing, LLC ("Plaintiffs") in opposition to the request of the TIDAL Parties and Roc Nation LLC ("Roc Nation") (collectively, "Defendants") to supplement the record in connection with Plaintiffs' motion to compel (Dkt. No. 56) heard by the Court on December 20, 2017.

First, Defendants do not control Phaedra Ellis-Lamkins or her attorneys.  An affidavit from Ms. Fearon was not available to Defendants prior to filing their respective oppositions to Plaintiffs' motion to compel.  Moreover, this Court has discretion to grant a party permission to supplement the record and has done so even where the evidence may have been available.  *See, e.g.*, *BMO Harris Bank, N.A. v. McM, Inc.*, No. CV 17-335 (DWF/KMM), 2017 WL 3443238, at \*3–4 (D. Minn. Aug. 8, 2017) (granting motion to supplement the record with a relevant declaration, and opining there is "nothing procedurally improper about seeking to supplement the record while a motion is pending"); *see also Surdyk's Liquor, Inc. v. MGM Liquor Stores, Inc.*, 83 F. Supp. 2d 1016, 1020 (D. Minn. 2000) (granting motion to supplement the record with relevant affidavits).  The authority cited by Plaintiffs is not to the contrary and is distinguishable insofar as the Court in *East Coast Test Prep* denied the motion to supplement the record because it found that the proffered evidence was irrelevant to the issue at hand.  Here, the Fearon affidavit is plainly relevant to the question of whether the common interest privilege applies.

Second, Defendants have more than adequately demonstrated in their opposition papers that they share a common legal interest with Ms. Ellis-Lamkins and her attorneys beginning in the fall of 2016 with respect to jointly-held concerns over the administration of Mr. Nelson's estate.   More to the point, however, Plaintiffs cannot contest Defendants' request to supplement the record merely by making conclusory assertions about the ultimate issues before the Court.

Third, Plaintiffs mistakenly contend that Defendants have admitted that there is no evidence in the record as to Ms. Ellis-Lamkins' intention to "share otherwise privileged information."  To the contrary, in addition to the Suarez and Tibon Declarations, Defendants' Second Privilege Log reflects a November 5, 2016 communication from Ms. Ellis-Lamkins to her counsel, Defendants, and Defendants'

Honorable Franklin L. Noel
December 27, 2017
Page 2



counsel bearing the subject line "A/C Privilege" – leaving no doubt that Ms. Ellis–Lamkins intended to and did engage in privileged, common interest communications with Defendants.  (See Friedemann Decl. Ex. 37 at PRIV0000006).  Defendants' Second Privilege Log also shows that Ms. Ellis-Lamkins shared attorney work product (*i.e.*, draft filings) with Defendants before formally submitting same to the Probate Court overseeing Mr. Nelson's estate.  (*See, e.g.*, *id.* at PRIV0000142–43.)  Moreover, Ms. Fearon, Ms. Ellis-Lamkins' agent, is competent to testify to Ms. Ellis–Lamkins' intent regarding her common interest arrangement with Defendants.  Ms. Fearon was Ms. Ellis-Lamkins' attorney at the time the common interest arose, participated in such common interest communications, and can therefore attest to her client's expectation of maintaining privilege over the communications at issue.

For the foregoing reasons, Defendants' request to supplement the record should be granted.  Should the Court desire formal briefing on the subject, Defendants have reserved a hearing date of January 24, 2018 at 9:00 a.m.

Respectfully submitted,


*/s/ Jordan W. Siev*

Jordan W. Siev

JWS:sa

cc:     Lora M. Friedemann
        Anne Rondoni-Tavernier
        Joseph Cassioppi