**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| NPG RECORDS, INC. AND NPG MUSIC PUBLISHING, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>ROC NATION LLC, ASPIRO AB, WIMP MUSIC AS, and PROJECT PANTHER LTD.,<br><br>　　　　　　Defendants. | Case No. 16-cv-03909-JRT-FLN<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR FURTHER CONSIDERATION OF CONTINUED SEALING OF EXHIBIT 35 (ECF NO. 107) TO THE DECLARATION OF LORA M. FRIEDEMANN** |

Project Panther Ltd., Aspiro AB and WiMP Music AS (collectively, the "TIDAL Parties"), together with Roc Nation LLC ("Roc Nation" and together with the TIDAL Parties, "Defendants"), respectfully submit this memorandum in support of their Motion for Further Consideration of Continued Sealing of Exhibit 35 (ECF No. 107) to the Declaration of Lora M. Friedemann (the "Friedemann Declaration") (the "Motion for Further Consideration")[1] submitted in connection with the motion to compel filed by Plaintiffs NPG Records, Inc. and NPG Music Publishing, LLC (collectively, "Plaintiffs") (the "Motion to Compel"). Plaintiffs do not oppose this motion.

---

[1] As noted in Defendants' Meet and Confer statement, Defendants informed Plaintiffs that they intended to file the instant Motion, and Plaintiffs indicated they were unopposed. Accordingly, the parties ask that this Court decide the motion on the papers, without oral argument.

By this motion, Defendants move this Court to reconsider a portion of its January 30, 2018 ruling related to one document that contains personal identifying information. Specifically, Exhibit 35, which Defendants filed under provisional seal, contains individual email addresses that are not relevant to the claims and defenses to this action (the "Email Addresses"). There is good cause to redact the Email Addresses because the individuals' privacy interests outweigh the public's right to access the Email Addresses. The parties ask this Court to reconsider its decision to allow Exhibit 35 to be filed on the public docket with the Email Addresses, and to instead grant Defendants leave to file a public version of Exhibit 35 with only the Email Addresses redacted.

## FACTUAL BACKGROUND

On November 10, 2017, Plaintiffs filed the Motion to Compel. As part of their Motion, Plaintiffs filed the Friedemann Declaration, attaching several exhibits, including Exhibit 35. (*See* ECF No. 107.) Exhibit 35 contains a portion of an email reflecting individual email addresses. Plaintiffs initially filed Exhibit 35 under provisional seal without redactions because Defendants designated the email contained in Exhibit 35 as "Confidential" under the parties' Amended Protective Order. (ECF No. 47).

On December 22, 2017, the parties filed a joint motion for continued sealing, but disagreed as to whether Exhibit 35 should remain sealed. (ECF No. 153.) Specifically, Defendants contended that the email appearing in the document contained references to confidential business negotiations, and offered to redact the contested portion but otherwise file the document publicly. (*See id.*) On January 30, 2018, this Court ruled that Exhibit 35 should be unsealed in its entirety because Exhibit 35 "includes only a very

short email exchange and reference to a series of unattached, redacted documents, which contain no direct or clear reference to an ongoing negotiation or other business matter." (the "Order") (ECF No. 173.)  Defendants seek reconsideration of the Order only as to the Email Addresses.

## ARGUMENT

The Email Addresses contained in Exhibit 35 should be redacted because individuals' privacy interests in personal identifying information that is irrelevant to the claims and defenses in this action outweigh the public's right to view it.  *See* Fed. R. Civ. P. 5.2(e) (on a showing of good cause, the court may order redaction of "additional information" not otherwise listed in Rule 5.2(a)).

### I. THERE IS GOOD CAUSE TO REDACT THE EMAIL ADDRESSES BECAUSE OF A STRONG PRIVACY INTEREST

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure ("FRCP"), for good cause, the court may order redaction of personal information not otherwise specifically identified in the Rule.  Fed. R. Civ. P. 5.2(e); *see also* Local Rule 5.5(a) (requiring redaction of personal identifiers in transcripts of court proceedings to comply with FRCP 5.2).  FRCP 5.2 is intended to protect individuals' privacy and security from disclosure in court filings accessible to the public.  *See* Fed. R. Civ. P. 5.2 Advisory Comm. Note (2007); *see also NML Capital Ltd. v. Republic of Argentina*, No. 2:14-CV-492-RFB-VCF, 2015 WL 727924, at *5 (D. Nev. Feb. 19, 2015) (personal contact information such as email addresses "falls under the penumbra of Rule 5.2 because it raises the 'privacy and security concerns' Rule 5.2 protects").

There is good cause to warrant shielding the Email Addresses from public access. Where, as here, the personal information at issue is irrelevant to the merits of the case, courts have weighed in favor of redacting the information.  *See, e.g.*, *Krakauer v. Dish Network, L.L.C.*, No. 1:14CV333, 2015 WL 12750446, at *2 (M.D.N.C. Nov. 18, 2015) (permitting plaintiff to redact personal information, including his email address, and noting that "the public's interest in openness is satisfied by the public filing of the requested documents with only the narrow redactions noted"); *NML Capital Ltd.*, 2015 WL 727924, at *5 (allowing employee of non-party company to redact email addresses that were irrelevant to the merits of the action); *see also Harper v. Unum Grp.*, No. 2:15-CV-02146, 2016 WL 4508238, at *4 (W.D. Ark. Aug. 29, 2016) (ordering parties to redact contact information, including email addresses, that were not relevant to the action).  Accordingly, there is good cause to redact the Email Addresses from Exhibit 35.

## II. THE PUBLIC'S INTEREST IN THE EMAIL ADDRESSES IS MINIMAL, AND OUTWEIGHED BY THE INDIVIDUALS' NEED FOR PRIVACY

The common law presumption of public access applies to judicial records, rather than to personal information that may be contained in those records.  In this case, aside from requesting permission to redact the Email Addresses, Defendants are not otherwise contesting the Order with respect to unsealing Exhibit 35.  The public will otherwise have access to the entirety of Exhibit 35, including the names of the sender and recipients of the email reflected in Exhibit 35.  Moreover, the public's interest in the email addresses is nonexistent.  The Email Addresses are themselves irrelevant to the claims and defenses in this action, and do not add any value to the public's understanding of this case.

Accordingly, the privacy interests of the individuals identified in Exhibit 35 in concealing their email addresses outweighs the public's general right of access to judicial records.

## CONCLUSION

For all of the foregoing reasons, Defendants request that (i) they be granted leave to file Exhibit 35 publicly with the Email Addresses redacted, and that an unredacted version of Exhibit 35 remain under seal permanently; and (ii) that the Court permit Exhibit 35 to remain under seal pending the determination of this motion.

Respectfully submitted,

Dated: February 23, 2018      */s/ Jeanette M. Bazis*
Jeanette M. Bazis, Reg. No. 0255646
Jenny Gassman-Pines, Reg. No. 0386511
GREENE ESPEL PLLP
Campbell Mithun Tower – Suite 2200
222 South Ninth Street
Minneapolis, MN 55402-3362
612-373-0830
jbazis@greeneespel.com
jgassman-pines@greeneespel.com

Jordan W. Siev
(admitted pro hac vice)
Christopher P. Hoffman
(admitted pro hac vice)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 521-5400
Facsimile:  (212 521-5450
jsiev@reedsmith.com
choffman@reedsmith.com

*Attorneys for Aspiro AB, WiMP Music AS and Project Panther, Ltd.*

- 6 -

        Andrew H. Bart
        Ava U. McAlpin
        JENNER & BLOCK LLP
        919 Third Avenue
        New York, New York 10022
        Telephone: (212) 891-1600
        Facsimile: (212) 891-1699
        abart@jenner.com
        amcalpin@jenner.com

        *Attorneys for Roc Nation LLC*